## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRACE KERN & JESSICA HUIGENS,
individually and as the representatives
of a class of similarly situated persons,

        Plaintiffs,

v

File No:_____

Hon._____

USA TRAVEL SERVICES,
VIP TRAVEL SERVICES,
NEWPORT HOSPITALITY, LLC d/b/a
NEWPORT BEACHSIDE HOTEL & RESORT,
NEWPORT VACATIONS, LLC,
SUMMER BAY PARTNERSHIP d/b/a
SUMMER BAY RESORTS,
SUMMER BAY VACATIONS, LC,
SUMMER BAY RESORT CONDOMINIUM ASSOCIATION, INC,
SILVER LAKE RESORT, LTD d/b/a
SILVER LAKE RESORT,
SILVER LAKE RESORT OWNERS ASSOCIATION, INC, and
THE VILLA GROUP,

        Defendants.

---

Brace Kern (P75695)
BEK Law, PLC
*Attorneys for Plaintiffs*
3434 Veterans Drive
Traverse City, MI 49684
(231) 492-0277
Kern@LAW-BEK.com

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint.*

## COMPLAINT & JURY DEMAND

Plaintiffs, BRACE KERN and JESSICA HUIGENS (hereinafter, "Plaintiffs"), by and through their attorneys, BEK Law, PLC, hereby state as follows for their Complaint against the above-captioned Defendants:

### SUMMARY OF CLASS ACTION

1. The subject matter of this class action lawsuit is nuisance and invasion of Plaintiffs' privacy through knowing and repeated violations of the Telephone Consumer Protection Act – 47 U.S.C. § 227 (hereinafter, the "TCPA"). In the absence of a preexisting business relationship with Plaintiffs, the property owning Defendants, through their agents, VIP TRAVEL SERVICES OF ORLANDO (at www.orlandoarrival.com) and USA TRAVEL SERVICES (at www.usatravelservices.net), used an Automatic Telephone Dialing System (ATDS) and an artificial or prerecorded voice to unlawfully solicit Plaintiffs by calling their residential, mobile telephones, that are both registered on the National Do Not Call Registry. As a direct and proximate result of Defendants' knowing and repeated violations of the TCPA coupled with the harm suffered, Plaintiffs are entitled to actual, injunctive, statutory and exemplary or treble damages.

2. The proposed class of individuals with residential, mobile telephone numbers on the Do Not Call Registry that received an ATDS call from Defendants, from January 2013 through present, is so numerous that joinder of all members is impracticable.

3. This proposed class action lawsuit involves questions of law and fact common to the entire class of aforementioned individuals who received calls from Defendants or their agents.

4. The claims of the representative parties are typical of the claims of the proposed class.

5. The representative parties will fairly and adequately protect the interests of the class.

6. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications, or would substantially impair or impede the ability of the other members not parties to the individual adjudications to protect their interests.

7. Defendants have failed to act on grounds that apply generally to the class, e.g. by not calling numbers listed on the Do Not Call Registry, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

8. Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

9. Based upon the amount in controversy and the difficulty in identifying and prosecuting these Defendants, the class members have little interest in individually controlling the prosecution of separate actions.

10. These proposed class representatives are well suited for prosecuting this class action.

11. This is a desirable forum within which to concentrate the litigation of the proposed class action due to the location of these Plaintiffs.

12. The likely difficulties in managing this class action are outweighed by the common questions of law or fact that predominate over any questions affecting only individual members, or, if necessary, subclasses may be created to reduce difficulties.

## VENUE & JURISDICTION

13. This venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the cause of action arose in and around the City of Traverse City, County of Grand Traverse, State of Michigan, and pursuant to subsection

(c)(1) based upon the fact that both Plaintiffs are domiciled in this judicial district and division.

14. Jurisdiction is proper in this Court pursuant to 28 U.S.C § 1331 (federal question jurisdiction), whereby district courts have original jurisdiction of all civil actions arising under the laws of the United States, including the Telephone Consumer Protection Act (47 U.S.C. § 227).

## THE PARTIES

15. Plaintiffs are United States citizens, domiciled in the State of Michigan, residing at 328 Peach Tree Drive, in the Township of East Bay, County of Grand Traverse, State of Michigan.

16. Defendant VIP TRAVEL SERVICES (at www.orlandoarrival.com) is an unregistered entity that was not properly organized under the laws of any State, but it has a principal place of business located at 8803 Futures Drive, Suite 8C, in the City of Orlando, County of Orange, State of Florida (hereinafter "VIP").

17. Defendant USA TRAVEL SERVICES (at www.usatravelservices.net) is an unregistered entity that was not properly organized under the laws of any State, but it has a principal place of business located at 52 Ridley Road, Suite 379, in the census-designated place and

master-planned community of Celebration, in the County of Osceola, State of Florida (hereinafter "USA").

18. USA claims to possess a Seller of Travel license (ST3886), but that license number, or name, is not locatable by the Florida Department of Agriculture and Consumer Services, who issues such licenses.

19. Defendant NEWPORT HOSPITALITY, LLC is a limited liability company organized under the laws of the State of Florida (#L11000005759) with its principal place of business located at 3850 Hollywood Boulevard, Suite 400, in the City of Hollywood, County of Broward, State of Florida, whose members are United States citizens domiciled in the State of Florida.

20. Defendant NEWPORT BEACHSIDE HOTEL & RESORT is a fictitious name, owned by NEWPORT HOSPITALITY, LLC, and registered in the State of Florida (#G11000035756).

21. Defendant NEWPORT VACATIONS, LLC is a limited liability company organized under the laws of the State of Florida (#L10000042086) with its principal place of business located at 16701 Collins Avenue, in the City of Sunny Isles Beach, in the County of Miami-Dade, State of Florida, whose members are United States citizens domiciled in the State of Florida.

22. Defendant SUMMER BAY PARTNERSHIP is a general partnership organized under the laws of the State of Florida (#GP0700000736) with its principal place of business located at 25 Town Center Boulevard, Suite C, in the City of Clermont, County of Lake, State of Florida, comprised of two partners: (1) Bryanstone, L.C., a Florida limited liability company, and (2) Orlando Investments, LLP, a Missouri limited liability partnership.

23. Defendant SUMMER BAY RESORTS is a fictitious name, owned by SUMMER BAY PARTNERSHIP, registered in the State of Florida (#G14000038835) and in the State of Missouri (#X001219530).

24. Defendant SUMMER BAY VACATIONS, LC is a limited liability company organized under the laws of the State of Florida (#L02000024304) with its principal place of business located at 25 Town Center Boulevard, Suite C, in the City of Clermont, County of Lake, State of Florida, whose members are United States citizens domiciled in the State of Florida.

25. Defendant SUMMER BAY RESORT CONDOMINIUM ASSOCIATION, INC, is a corporation incorporated under the laws of the State of Florida (#N95000003405) with its principal place of business located at 25

Town Center Boulevard, Suite C, in the City of Clermont, County of Lake, State of Florida.

26. Defendant SILVER LAKE RESORT, LTD is a limited partnership organized under the laws of the State of Florida (#A30890) with its principal place of business located at 7751 Black Lake Road, in the City of Kissimmee, in the County of Osceola, State of Florida, comprised of two partners who are both United States Citizens domiciled in the State of Florida. Defendant SILVER LAKE RESORT is a fictitious name, owned by SILVER LAKE RESORT, LTD, and registered in the State of Florida (#G93133000106).

27. Defendant SILVER LAKE RESORT OWNERS ASSOCIATION, INC is a corporation incorporated under the laws of the State of Florida (#N41806) with its principal place of business located at 7751 Black Lake Road, in the City of Kissimmee, in the County of Osceola, State of Florida.

28. Defendant THE VILLA GROUP is a sole proprietorship with its principal place of business and domicile located at 404 Camino del Rio, 4th Floor, in the City of San Diego, State of California.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiffs repeat and allege all allegations as though fully set forth herein.

30. Defendants are in the business of soliciting potential purchasers of timeshare real estate or vacation membership packages.

31. Defendants offer introductory discounted accommodation packages, which require the consumer's mandatory attendance at a sales presentation that occurs on the morning after check-in.

32. The property owning Defendants contracted with the non-property owning Defendants to solicit purchasers.

33. Defendants, including through their agents, solicited potential real estate purchasers from January 2013 through the present.

34. Defendants' solicitations occurred through telephone calls.

35. To make the telephone solicitation calls, Defendants utilized an Automatic Telephone Dialing System (ATDS).

36. Defendants called individuals' residential, mobile telephones.

37. Defendants called individuals' residential, mobile telephone numbers even though those numbers were listed on the National Do Not Call Registry.

38. Defendants called individuals with whom they had no prior existing business relationship.

39. Once the cold call was answered, the recipient was solicited by an artificial or prerecorded voice.

40. The artificial or prerecorded voice offered heavily discounted resort accommodation packages.

41. Plaintiffs had no prior existing business relationship with Defendants.

42. Plaintiffs' residential, mobile telephone numbers are listed on the National Do Not Call Registry.

43. Plaintiffs received numerous telephone calls from Defendants' ATDS.

44. When Plaintiffs answered Defendants' calls, they were greeted by an artificial or prerecorded voice.

45. In the absence of a pre-existing business relationship, Defendants' robotic, cold-call, solicitations to Plaintiffs' residential, mobile telephones without concluding that those numbers are not listed on the National Do Not Call Registry constitutes knowing and repeated violations of the TCPA.

46. Defendants' robotic, cold-call solicitations were a nuisance to Plaintiffs.

47. As a direct and proximate result of Defendants' robotic, cold-call solicitations, Plaintiffs' right to privacy was invaded.

48. As a result of the harm suffered by Plaintiffs, they are entitled to relief in the form of actual, statutory, injunctive, and exemplary or treble damages.

## DEMAND FOR RELIEF

49. For numerous nuisances and invasions of Plaintiffs' privacy through Defendants' knowing and repeated violations of the TCPA, Plaintiffs hereby pray for judgment against all Defendants, jointly and severally, in the form of injunctive relief to prevent future violations, plus no less than $100,000 for actual, statutory, and exemplary or treble damages, and attorney's fees, and any other and further relief that this Court deems fair, just and proper.

## JURY DEMAND

Plaintiffs do hereby demand a trial by jury on all claims.

Respectfully submitted,

Dated: January 7, 2016    By: *[signature]*

Brace Kern
BEK Law, PLC
3434 Veterans Drive
Traverse City, MI  49684
(231) 492-0277
Kern@LAW-BEK.com