# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRACE KERN & JESSICA HUIGENS,
individually and as the representatives
of a class of similarly situated persons,

           File No:  1:16-CV-08

   Plaintiffs,

v

           HON. ROBERT HOLMES BELL

USA TRAVEL SERVICES,
VIP TRAVEL SERVICES,
NEWPORT HOSPITALITY, LLC d/b/a
NEWPORT BEACHSIDE HOTEL & RESORT,
NEWPORT VACATIONS, LLC,
SUMMER BAY PARTNERSHIP d/b/a
SUMMER BAY RESORTS,
SUMMER BAY VACATIONS, LC,
SUMMER BAY RESORT CONDOMINIUM ASSOCIATION, INC,
SILVER LAKE RESORT, LTD d/b/a
SILVER LAKE RESORT,
SILVER LAKE RESORT OWNERS ASSOCIATION, INC,
HK F&B SERVICES, LLC a/k/a MYSTIC DUNES RESORT & GOLF CLUB,
SKY RESORT MANAGEMENT, LLC a/k/a STAYSKY HOTELS & RESORTS,
CLUB TRUST, LLC a/k/a STAYSKY VACATION CLUB,
STAYVACATIONS, LLC a/k/a STAYSKY VACATIONS,
ASTON HOTELS & RESORTS FLORIDA, LLC a/k/a
TUSCANA RESORT ORLANDO,
TUSCANA, LLC,
FELTRIM RESORT RENTALS, LLC f/k/a TUSCANA RESORT RENTALS, LLC,
TUSCANA I CONDOMINIUM ASSOCIATION, INC,
TUSCANA II CONDOMINIUM ASSOCIATION, INC,
TUSCANA III CONDOMINIUM ASSOCIATION, INC,
BLUE TREE LBV, INC,
BLUE TREE LBV, LLC,
WESTGATE BLUE TREE ORLANDO, LTD,
WESTGATE BLUE TREE ORLANDO, INC,

WESTGATE BLUE TREE RESORT OWNERS ASSOCIATION, INC,
BLUE TREE RESORT AT LAKE BUENA VISTA
CONDOMINIUM ASSOCIATION, INC,
PH LAKE BUENA VISTA HOTEL OWNER, LLC a/k/a
HOLIDAY INN RESORT ORLANDO – LAKE BUENA VISTA,
HILTON WORLDWIDE, INC a/k/a
HAMPTON INN & SUITES ORLANDO AIRPORT AT GATEWAY VILLAGE,
HAMPTON INNS MANAGEMENT, LLC,
CLARION SUITES MAINGATE, LTD,
EMANAGEMENT, LLC a/k/a ENCANTADA RESORT,
ENCANTADA PROPERTY OWNERS' ASSOCIATION, INC,
CLC RESORTS AND DEVELOPMENTS, INC,
CLC RESORTS AND DEVELOPMENTS ENCANTADA, LLC,
CLC REGAL OAKS, LLC a/k/ REGAL OAKS AT OLD TOWN CLUB,
FLORIDA INTERIORSCAPES, INC a/k/a REGAL OAKS RESORT BY TGM,
REGAL OAKS AT OLD TOWN OWNERS' ASSOCIATION, INC,
TIMESCAPE RESORTS, LLC a/k/a CALYPSO CAY RESORT,
TIMESCAPE RESORTS, LLC a/k/a CALYPSO CAY VACATION CLUB,
TIMESCAPE RESORTS, LLC a/k/a COUNTRY INN & SUITES,
CALYPSO CAY VACATION VILLAS OWNERS ASSOCIATION, INC,
CALYPSO CAY PROPERTY OWNERS ASSOCIATION, INC,
ROSEN VISTA, INC a/k/a CLARION INN LAKE BUENA VISTA a/k/a
CLARION INN & SUITES INTERNATIONAL DRIVE / CONVENTION CENTER,
SARATOGA RESORT VILLAS, LLC,
COUNTRY INNS & SUITES BY CARLSON, INC a/k/a
COUNTRY INNS & SUITES ORLANDO-MAINGATE AT CALYPSO,
CASABLANCA HOTEL ON THE OCEAN MIAMI BEACH,
CASABLANCA RENTAL SERVICES, INC,
CONDOMINIUM HOTEL MANAGEMENT CORPORATION, INC,
FLORIDA DESTINATIONS INTERNATIONAL, INC,
CRYSTAL BEACH CLUB MANAGEMENT COMPANY a/k/a
CRYSTAL BEACH SUITES HOTEL AND HEALTH CLUB,
CRYSTAL BEACH DEVELOPMENT CORPORATION a/k/a
CRYSTAL BEACH SUITES HOTEL,
ECONOLODGE PARTNERSHIP a/k/a CASTILLO DEL SOL,
BEST WESTERN INTERNATIONAL, INC a/k/a
BEST WESTERN CASTILLO DEL SOL,
TSB, INC a/k/a HOLLYWOOD BEACH RESORT,

HOLLYWOOD BEACH RESORT RENTAL PROGRAM, LLC,
CREATIVE HOSPITALITY VENTURES, INC a/k/a
HOLLYWOOD BEACH RESORT,
THE HOLLLYWOOD BEACH RESORT CONDOMINIUM ASSOCIATION, INC,
WESTGATE SOUTH BEACH, LLC,
WESTGATE SOUTH BEACH OWNERS ASSOCIATION, INC,
AM RESORTS, LP a/k/a SECRETS ROYAL BEACH PUNTA CANA,
AM RESORTS, LP a/k/a SECRETS WILD ORCHID MONTEGO BAY,
AM RESORTS, LP a/k/a SECRETS ST. JAMES MONTEGO BAY, and
AM RESORTS, LP a/k/a SECRETS SILVERSANDS RIVIERA CANCUN.

      Defendants.

---

Brace Kern (P75695)
BEK Law, PLC
*Attorney for Plaintiffs*
3434 Veterans Drive
Traverse City, MI 49684
(231) 492-0277
Kern@LAW-BEK.com

---

*Attorneys for Defendants*

| | |
|---|---|
| Kristen E. Guinn (P72148) | David A. French (P31944) |
| Christopher M. Spain (P78119) | Larry R. Jensen (P60317) |
| Smith Haughey Rice & Roegge | Hall, Render, Killian, Heath & Lyman |
| *Attorneys for Silver Lake Resort* | *Attorneys for Summer Bay Resort* |
| *& Silver Lake Condo Association* | *& Vacations & Condo Association* |
| 100 Monroe Center NW | Columbia Center, Suite 1200 |
| Grand Rapids, MI 49503-2802 | 201 West Big Beaver Road |
| (616) 774-8000 | Troy, MI 48084 |
| kguinn@shrr.com | (248) 457-7813 |
| cspain@shrr.com | dfrench@hallrender.com |

---

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint.*

## AMENDED COMPLAINT & JURY DEMAND

Plaintiffs, BRACE KERN and JESSICA HUIGENS, by and through their attorneys, BEK Law, PLC, hereby state as follows for their Amended Complaint:

### SUMMARY OF CLASS ACTION

1.     The subject matter of this class action lawsuit is nuisance and invasion of Plaintiffs' privacy through knowing and repeated violations of the Telephone Consumer Protection Act – 47 U.S.C. § 227 (hereinafter, the "TCPA").  In the absence of a preexisting business relationship with Plaintiffs, the Resort Defendants, through their Travel Agents, VIP TRAVEL SERVICES OF ORLANDO (at www.orlandoarrival.com) and UNITED SHUTTLE ALLIANCE TRANSPORTATION   CORP,   d/b/a   USA   TRAVEL   SERVICES   (at www.usatravelservices.net), used an Automatic Telephone Dialing System (ATDS) and an artificial or prerecorded voice to unlawfully solicit Plaintiffs by calling their residential, cellular telephones, that are both registered on the National Do Not Call Registry.  As a direct and proximate result of Defendants' knowing and repeated violations of the TCPA coupled with the harm suffered, Plaintiffs are entitled to actual, injunctive, statutory and exemplary or treble damages.

2.      The proposed class of individuals with residential, cellular telephone numbers on the Do Not Call Registry that received an ATDS call from Defendants, from January 2013 through present, is so numerous that joinder of all members is impracticable.

3.      This proposed class action lawsuit involves questions of law and fact common to the entire class of aforementioned individuals who received calls from the Resort Defendants' Travel Agents, for which the Resort Defendants are vicariously liable.

4.      The claims of the representative parties are typical of the claims of the proposed class because Plaintiffs' claims encompass each category of damages available under the TCPA, including (1) repeat calls to Plaintiffs' (2) (3) residential, (4) cellular telephones, (5) through use of an ATDS along with an artificial and prerecorded voice, and (6) the fact that Plaintiffs' residential, cellular telephones are registered on the National Do Not Call Registry.

5.      The representative parties will fairly and adequately protect the interests of the class because they are the only known Plaintiffs to bring such an action against these Defendants for violations of the TCPA.

6.      Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications, or would

substantially impair or impede the ability of the other members, not parties to the individual adjudications, to protect their interests.

7.     Defendants have failed to act on grounds that apply generally to the class, e.g. by not calling residential, cellular, telephone numbers that are listed on the Do Not Call Registry, and by not using an ATDS with a prerecorded message or artificial voice, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

8.     Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy because of the location and numerosity of aggrieved class members.

9.     Based upon the amount that would be in controversy as to each individual class member being outweighed by the likely costs of prosecution compared to the difficulty in identifying and prosecuting these Defendants, the class members have little interest in individually controlling the prosecution of separate actions.

10.　　These proposed class representatives are well suited for prosecuting this class action based upon their 3 years of preparation, purchase of a vacation package, and the number of calls made to these Plaintiffs.

11.　　This is a desirable forum within which to concentrate the litigation of the proposed class action due to the location of these Plaintiffs, and Defendants (1) transaction of business in the State of Michigan by selling travel packages to residents of the State of Michigan (hereinafter, "snow-birds") while said residents were in the State of Michigan, (2) transaction of business in the State of Michigan by soliciting sales of, and selling, vacation ownership plans and condominium units in Florida, the Caribbean and Mexico to residents of the State of Michigan after said residents returned to the State of Michigan, (3) calling snow-birds, causing calls to be made to snow-birds, and causing consequences of those calls to occur in the State of Michigan, including the purchase of travel packages, vacation ownership plans and condominium units from residents of the State of Michigan while those residents were in the State of Michigan, (4) continuous and systematic solicitation of residents of the State of Michigan to purchase travel packages, vacation ownership plans and condominium units in Florida, the Caribbean and Mexico while said residents were in the State of Michigan, and (5)

continuous and systematic sales of travel packages, vacation ownership plans and condominium units in Florida, the Caribbean and Mexico to snow-bird residents of the State of Michigan while said residents were in the State of Michigan.

12. The likely difficulties in managing this class action are outweighed by the common questions of law or fact that predominate over any questions affecting only individual members, or, if necessary, subclasses may be created to reduce difficulties, including possibly severing the two named Plaintiffs into separate actions whereby the non-lawyer Plaintiff would be the sole representative of the class action while the lawyer Plaintiff's action would be maintained independently as a non-class action so as to avoid any conflict of interest from arising based upon one proposed class representative's status as a lawyer with the possibility of a referral fee upon transfer of the case to a big law firm at the time of class certification.

## VENUE & JURISDICTION

13. This venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the cause of action arose in and around the City of Traverse City, County of Grand Traverse, State of Michigan, and pursuant to subsection (c)(1) based upon the fact that both Plaintiffs are domiciled in this judicial

district and division. Said location is where the consequence of the unlawful calls occurred, including where the sale of a travel package occurred.

14.      Jurisdiction is proper in this Court pursuant to 28 U.S.C § 1331 (federal question jurisdiction), whereby district courts have original jurisdiction of all civil actions arising under the laws of the United States, including the Telephone Consumer Protection Act (47 U.S.C. § 227).

15.      Defendants have the minimum contacts necessary for general jurisdiction to apply in the State of Michigan, as alleged in the above paragraph 11 at (1), (2) and (3), based upon MCL 600.711, 600.721, and 600.731.

16.      Alternatively, Defendants have the minimum contacts necessary for limited jurisdiction to apply in the State of Michigan, as alleged in the above paragraph 11 at (4) & (5), based upon MCL 600.715, 600.725, and 600.735.

### THE PARTIES

17.      Plaintiffs are United States citizens, domiciled in the State of Michigan, residing at 328 Peach Tree Drive, in the Township of East Bay, County of Grand Traverse, State of Michigan.

### THE TRAVEL AGENT DEFENDANTS

18.     Defendant VIP TRAVEL SERVICES (at www.orlandoarrival.com) is an unregistered entity that was not properly organized under the laws of any state, but it has a principal place of business located at 8803 Futures Drive, Suite 8C, in the City of Orlando, County of Orange, State of Florida (hereinafter "VIP").

19.     Defendant UNITED SHUTTLE ALLIANCE TRANSPORTATION CORP. d/b/a USA TRAVEL SERVICES (at www.usatravelservices.net) is a corporation incorporated under the laws of the State of Florida (#P10000015880) with its principal place of business located at 52 Riley Road, Suite 379, in the census-designated place and master-planned community of Celebration, in the County of Osceola, State of Florida (hereinafter "USA"). The current registered agent is Armando Vazquez of 2127 White Wood Court, Orlando, Florida 32837.

20.     Defendant USA possesses Florida Department of Agriculture and Consumer Services Seller of Travel license number ST38861 issued on April 19, 2013, which expired on April 19, 2016, and is registered to the address of 3501 W Vine St, suite 316, Kissimmee, Florida 34741-4648.

21.     Defendants VIP and USA (collectively hereinafter, the "Travel Agents") are, in essence, a single entity as USA was utilizing the unregistered entity VIP to shield itself from consumers recognizing who was actually the Seller of Travel licensee behind the unlawful telephone solicitations.

22.     Defendant USA misrepresented its Seller of Travel license number to Plaintiffs twice in a single document, wherein the license number was identified on the front of the document as ST3886 and on the back of the document as ST98861, despite the fact the actual license registration number is ST38861.

### *THE RESORT DEFENDANTS*

23.     The Resort Defendants are acting in a collective interest, but they can be broken down into three general categories: (1) the condominium or real estate developer entity (hereinafter, the "Developer"), which is the entity that paid to construct the building (or bought it later) and who most likely still owns the unsold units that are being solicited to travel package purchasers; (2) the condominium unit owners' entity (hereinafter, the "Condo Association"), which is made of up people who purchased a unit from the Developer, including some of who will be class members as a result of their purchase being initiated by one of these unlawful telephone calls (especially

the disgruntled owners that hastily and regrettably purchased due to high pressure sales tactics), and which receives the benefit of additional condominium purchasers sharing in the collective payment of condominium assessments; and (3) the management/marketing/sales department entity (hereinafter, "Marketer") that likely contracted with the Travel Agents for the benefit of the Developer and Condo Association so as to be the uncollectible, asset-less entity that bears the liability for these duplicitous sales tactics, whose veil will be pierced during this litigation, if they are in fact asset-less and uncollectible, so as to collect from the property owners i.e. Developer and Condo Association (collectively hereinafter, the "Resorts").

24.     Defendant SUMMER BAY PARTNERSHIP is a general partnership organized under the laws of the State of Florida (#GP0700000736) with its principal place of business located at 25 Town Center Boulevard, Suite C, in the City of Clermont, County of Lake, State of Florida, comprised of two partners: (1) Bryanstone, L.C., a Florida limited liability company, and (2) Orlando Investments, LLP, a Missouri limited liability partnership.

25.     Defendant SUMMER BAY RESORTS is a fictitious name, owned by SUMMER BAY PARTNERSHIP, registered in the State of Florida (#G14000038835) and in the State of Missouri (#X001219530).

26.     Defendant SUMMER BAY VACATIONS, LC is a limited liability company organized under the laws of the State of Florida (#L02000024304) with its principal place of business located at 25 Town Center Boulevard, Suite C, in the City of Clermont, County of Lake, State of Florida, whose members are United States citizens domiciled in the State of Florida.

27.     Defendant   SUMMER   BAY   RESORT   CONDOMINIUM ASSOCIATION, INC, is a corporation incorporated under the laws of the State of Florida (#N95000003405) with its principal place of business located at 25 Town Center Boulevard, Suite C, in the City of Clermont, County of Lake, State of Florida.

28.     Defendant SILVER LAKE RESORT, LTD is a limited partnership organized under the laws of the State of Florida (#A30890) with its principal place of business located at 7751 Black Lake Road, in the City of Kissimmee, in the County of Osceola, State of Florida, comprised of two partners who are both United States Citizens domiciled in the State of Florida. Defendant SILVER

LAKE RESORT is a fictitious name, owned by SILVER LAKE RESORT, LTD, and registered in the State of Florida (#G93133000106).

29.     Defendant SILVER LAKE RESORT OWNERS ASSOCIATION, INC is a corporation incorporated under the laws of the State of Florida (#N41806) with its principal place of business located at 7751 Black Lake Road, in the City of Kissimmee, in the County of Osceola, State of Florida.

30.     Defendant HK F&B SERVICES, LLC is a limited liability company, organized under the laws of the State of Delaware (4684265), whose members, upon information and belief, are all United States citizens domiciled in the State of Nevada. Defendant HK F&B SERVICES, LLC maintains a principal place of business at 7600 Mystic Dunes Lane, Celebration, Florida 34747 (M10000004558), that is operated under the fictitious name MYSTIC DUNES RESORT AND GOLF CLUB (G11000083108). The current registered agent is NRAI Services, Inc located at 1200 South Pine Island Road, Plantation, Florida 33324.

31.     Defendant SKY RESORT MANAGEMENT, LLC is a limited liability company, organized under the laws of the State of Florida (L05000026778), with its principal place of business located at 7011 Grand National Drive, Suite 104, Orlando, Florida 32819, whose members, upon information and belief,

are all United States citizens domiciled in the State of Florida. Defendant SKY RESORT MANAGEMENT, LLC operates under the fictitious name of STAYSKY HOTELS & RESORTS (G12000088042), and maintains its current registered agent as Angela Perkins, 7011 Grand National Drive, Suite 104, Orlando, Florida 32819.

32.     Defendant CLUB TRUST, LLC is a limited liability company, organized under the laws of the State of Florida (M11000002241), with its principal place of business located at 7011 Grand National Drive, Suite 104, Orlando, Florida 32819, whose members, upon information and belief, are all United States citizens domiciled in the State of Florida. Defendant CLUB TRUST, LLC operates under the fictitious name of STAYSKY VACATION CLUB (G12000125649), and maintains its current registered agent as F&L Corp., 1 Independent Drive, Suite 1300, Jacksonville, FL 33202.

33.     Defendant STAYVACATIONS, LLC is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business located at 7011 Grand National Drive, Suite 104, Orlando, Florida 32819, whose members, upon information and belief, are all United States citizens domiciled in the State of Florida. Defendant STAYVACATIONS, LLC operates under the fictitious name of STAYSKY VACATIONS (G14000126408),

and maintains its current registered agent as F&L Corp., 1 Independent Drive, Suite 1300, Jacksonville, FL 33202.

34.     Defendant ASTON HOTELS & RESORTS FLORIDA, LLC is a limited liability company, organized under the laws of the State of Florida (L13000098949), with its principal place of business located at 6262 Sunset Drive, Miami, Florida 33143, whose members, upon information and belief, are all United States citizens domiciled in the States of Hawaii and Florida. Defendant ASTON HOTELS & RESORTS FLORIDA, LLC operates under the fictitious name of TUSCANA RESORT ORLANDO (G13000094311), with a principal place of business located at 1395 Tuscana Lane, Champions Gate, Florida 33896, and maintains its current registered agent as Corporate Creations Network, Inc, 11380 Prosperity Farms Road, #221E, Palm Beach Gardens, Florida 33410.

35.     Defendant TUSCANA, LLC is a limited liability company, organized under the laws of the State of Florida (L05000001281), with its principal place of business, and its registered agent Garrett Kenney, located at 116 Polo Park East Boulevard, Davenport, Florida 33897, whose members, upon information and belief, are all United States citizens domiciled in the State of Florida.

36.      Defendant FELTRIM RESORT RENTALS, LLC f/k/a TUSCANA RESORT RENTALS, LLC is a limited liability company, organized under the laws of the State of Florida (L06000088565), with its principal place of business, and its registered agent Garrett Kenney, located at 116 Polo Park East Boulevard, Davenport, Florida 33897, whose members, upon information and belief, are all United States citizens domiciled in the State of Florida.

37.      Defendant TUSCANA I CONDOMINIUM ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N07000000813), with its principal place of business located at 1395 Tuscana Lane, Champions Gate, Florida 33896, and it maintains its current registered agent as Katzman Garfinkel, P.A., 5297 West Copans Road, Margate, Florida 33063.

38.      Defendant TUSCANA II CONDOMINIUM ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N07000005224), with its principal place of business located at 1395 Tuscana Lane, Champions Gate, Florida 33896, and it maintains its current registered agent as Katzman Garfinkel, P.A., 5297 West Copans Road, Margate, Florida 33063.

39.     Defendant TUSCANA III CONDOMINIUM ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N07000006685), with its principal place of business located at 1395 Tuscana Lane, Champions Gate, Florida 33896, and it maintains its current registered agent as Katzman Garfinkel, P.A., 5297 West Copans Road, Margate, Florida 33063.

40.     Defendant BLUE TREE LBV, INC is a profit corporation, incorporated under the laws of the State of Florida (P02000016070), with its principal place of business located at 5601 Windhover Drive, Orlando, Florida 32819, and it maintains its current registered agent as Michael Marder, Esq., c/o Greenspoon Marder, P.A., 200 E. Broward Boulevard, Suite 1800, Fort Lauderdale, FL 33301.

41.     Defendant BLUE TREE LBV, LLC is a limited liability company, organized under the laws of the State of Florida (L02000003444), with its principal place of business located at 5601 Windhover Drive, Orlando, Florida 32819, whose members are all United States citizens domiciled in the State of Florida, and it maintains its current registered agent as Michael Marder, Esq., c/o Greenspoon Marder, P.A., 200 E. Broward Boulevard, Suite 1800, Fort Lauderdale, FL 33301.

42.     Defendant WESTGATE BLUE TREE ORLANDO, LTD is a limited partnership, organized under the laws of the State of Texas (A26128), with its principal place of business located at 12007 Terrace Ridge Drive, Orlando, Florida 32836, whose members are all United States citizens domiciled in the State of Florida, and it maintains its current registered agent as Michael Marder, Esq., 200 E. Broward Boulevard, Suite 1800, Fort Lauderdale, FL 33301.

43.     Defendant WESTGATE BLUE TREE ORLANDO, INC is a profit corporation, incorporated under the laws of the State of Florida (K46834), with its principal place of business located at 5601 Windhover Drive, Orlando, Florida 32819, and it maintains its current registered agent as Greenspoon, Marder, Hirschfeld, PA, 200 E. Broward Boulevard, Suite 1800, Fort Lauderdale, FL 33301.

44.     Defendant WESTGATE BLUE TREE RESORT OWNERS ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N03000007842), with its principal place of business located at 5601 Windhover Drive, Orlando, Florida 32819, and it maintains its current registered agent as Greenspoon Marder, P.A., 200 E. Broward Boulevard, Suite 1800, Fort Lauderdale, FL 33301.

45.     Defendant BLUE TREE RESORT AT LAKE BUENA VISTA CONDOMINIUM ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N48646), with a principal place of business located at 12007 Cypress Run Road, Orlando, Florida 32836, and it maintains its current registered agent as South Milhausen Gateway Center, 1000 Legion Place, Suite 1200, Orlando, Florida 32801.

46.     Defendant PH LAKE BUENA VISTA HOTEL OWNER, LLC is a limited liability company, organized under the laws of the State of Delaware (M14000003565), with its principal place of business located at 601 Oakmont Lane, Suite 420, Westmont, IL 60559, whose members, upon information and belief, are all United States citizens domiciled in the State of Illinois. Defendant PH LAKE BUENA VISTA HOTEL OWNER, LLC operates under the fictitious name of HOLIDAY INN RESORT ORLANDO – LAKE BUENA VISTA (G14000086098) located at 13351 State Road 535, Orlando, Florida 32821, and it maintains its current registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

47.     Defendant HILTON WORLDWIDE, INC is a profit corporation, incorporated under the laws of the State of Delaware (820699), with a principal place of business located at 7930 Jones Branch Drive, Mclean,

Virginia 22102. Defendant HILTON WORLDWIDE, INC operates HAMPTON INN & SUITES ORLANDO AIRPORT AT GATEWAY VILLAGE located at 5460 Gateway Village Circle, Orlando, Florida 32812, and it maintains its current registered agent as United States Corporation Company, 1201 Hays Street, Suite 105, Tallahassee, Florida 32301.

48.    Defendant HAMPTON INNS MANAGEMENT, LLC is a limited liability company, organized under the laws of the State of Florida (M15000001800), with a principal place of business located at 7930 Jones Branch Drive, Mclean, Virginia 22102, whose members, upon information and belief, are all United States citizens domiciled in the State of Virginia. Defendant HAMPTON INNS MANAGEMENT, LLC operates HAMPTON INN & SUITES ORLANDO AIRPORT AT GATEWAY VILLAGE located at 5460 Gateway Village Circle, Orlando, Florida 32812, and it maintains its current registered agent as Corporation Service Company, 1201 Hays Street, Suite 105, Tallahassee, Florida 32301.

49.    Defendant CLARION SUITES MAINGATE, LTD is a limited partnership, organized under the laws of the State of Florida (A96000001067), with its principal place of business located at 7888 W. Irlo Bronson Memorial Highway, Kissimmee, Florida 34747, whose members, upon information and

belief, are all United States citizens domiciled in the State of Florida, and it maintains its current registered agent as George Chen, c/o International American Resorts, Inc, 7836 W. Irlo Bronson Way, Kissimmee, Florida 34747.

50.     Defendant EMANAGEMENT, LLC is a limited liability company, organized under the laws of the State of Florida (L06000037635), whose members, upon information and belief, are all United States citizens domiciled in the State of Florida, with its principal place of business located at 7828 W. Irlo Bronson Highway, Kissimmee, Florida 34747. Defendant EMANAGEMENT, LLC operates under the fictitious name ENCANTADA RESORT (G06122900145), and maintains its current registered agent as Anil Gupta, 1239 Aquila Loop, Kissimmee, Florida 34747.

51.     Defendant ENCANTADA PROPERTY OWNERS' ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N05000007418), with its principal place of business located at 3070 Secret Lake Drive, Kissimmee, Florida 34747, and it maintains its current registered agent as Guest Services Management, LLC, 1004 Collier Center Way, Suite 200, Naples, Florida 34110.

52.     Defendant CLC REGAL OAKS, LLC is a limited liability company, organized under the laws of the State of Florida (L11000007928), with its

principal place of business located at 3070 Secret Lake Drive, Kissimmee, Florida 34747, whose members, upon information and belief, are all United States citizens domiciled in the State of Florida. Defendant CLC REGAL OAKS, LLC operates under the fictitious name REGAL OAKS AT OLD TOWN CLUB (G11000082690) a/k/a REGAL OAKS RESORT BY TGM located at 5780 Golden Hawk Way, Kissimmee, Florida 34747, and it maintains its current registered agent as Capitol Corporate Services, Inc, 155 Office Plaza Drive, Suite A, Tallahassee, Florida 32301.

53.     Defendant FLORIDA INTERIORSCAPES, INC is a profit corporation, incorporated under the laws of the State of Florida (P93000001953), with its principal place of business located at 1170 Celebration Boulevard, Suite 109, Celebration, Florida 34747. Defendant FLORIDA INTERIORSCAPES, INC operates under the fictitious name TRAVEL GROUP MARKETING (G09000105531), which operates REGAL OAKS RESORT BY TGM, and it maintains its current registered agent as Richard J Wilkes, 1170 Celebration Boulevard, Suite 109, Celebration, Florida 34747.

54.     Defendant CLC RESORTS AND DEVELOPMENTS, INC is a profit corporation, incorporated under the laws of the State of Florida (P10000035246), with its principal place of business located at ENCANTADA

RESORT, 3070 Secret Lake Drive, Kissimmee, Florida 34747, and it maintains its current registered agent as Capitol Corproate Services, Inc, 155 Office Plaza Drive, Suite A, Tallahassee, Florida 32301.

55.     Defendant CLC RESORTS AND DEVELOPMENTS ENCANTADA, LLC is a limited liability company, organized under the laws of the State of Florida (L11000008085), whose members, upon information and belief, are all United States citizens domiciled in the State of Florida, with its principal place of business located at ENCANTADA RESORT, 3070 Secret Lake Drive, Kissimmee, Florida 34747, and it maintains its current registered agent as Capitol Corproate Services, Inc, 155 Office Plaza Drive, Suite A, Tallahassee, Florida 32301.

56.     Defendant REGAL OAKS AT OLD TOWN OWNERS' ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N07000004659), with its principal place of business at 5780 Golden Hawk Way, Kissimmee, Florida 34746, and it maintains its current registered agent as Guest Services, Inc, 1004 Collier Center Way, #201, Naples, Florida 34110.

57.     Defendant TIMESCAPE RESORTS, LLC is a limited liability company, organized under the laws of the State of Florida (L99000004358),

whose members, upon information and belief, are all United States citizens domiciled in the State of Florida, with its principal place of business located at 359 Carolina Avenue, Suite 200, Winter Park, Florida 32789. Defendant TIMESCAPE RESORTS, LLC operates under the fictitious name CALYPSO CAY RESORT (G05249900263) located at 4951 Calypso Cay Way, Kissimmee, Florida 34746, and it maintains its current registered agent as Grant T Downing, c/o Godbold, Downing & Bill, P.A., 222 W. Comstock Avenue, #101, Winter Park, Florida 32789.

58. Defendant TIMESCAPE RESORTS, LLC also operates under the fictitious name CALYPSO CAY VACATION CLUB (G05249900264) located at 4951 Calypso Cay Way, Kissimmee, Florida 34746.

59. Defendant TIMESCAPE RESORTS, LLC also operates under the fictitious name COUNTRY INN & SUITES (G13000076739) located at 5001 Calypso Cay Way, Kissimmee, Florida 34746.

60. Defendant CALYPSO CAY VACATION VILLAS OWNERS ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N00000008476), with its principal place of business located at 4951 Calypso Cay Way, Kissimmee, Florida 34746, and it maintains

its current registered agent as Grant T Downing, 222 W. Comstock Avenue, #101, Winter Park, Florida 32789.

61.     Defendant CALYPSO CAY PROPERTY OWNERS ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N30690), with its principal place of business located at 359 Carolina Avenue, Suite 200, Winter Park, Florida 32789, and it maintains its current registered agent as Grant T Downing, 222 W. Comstock Avenue, #101, Winter Park, Florida 32789.

62.     Defendant ROSEN VISTA, INC is a profit corporation, incorporated under the laws of the State of Florida (J32339), with its principal place of business located at 9840 International Drive, Orlando, Florida 32819. Defendant ROSEN VISTA, INC operates under the fictitious name CLARION INN LAKE BUENA VISTA (G10000092176) a/k/a CLARION INN & SUITES INTERNATIONAL DRIVE / CONVENTION CENTER located at 9956 Hawaiian Court, Orlando, Florida 32819, and it maintains its current registered agent as Harris Rosen, 7600 International Drive, Orlando, Florida 32819.

63.     Defendant SARATOGA RESORT VILLAS, LLC is a limited liability company, organized under the laws of the State of Florida (L11000052843), whose members, upon information and belief, are all United States citizens

domiciled in the State of California, with its principal place of business located at 4787 W. Irlo Bronson Hwy, Kissimmee, Florida 34745, and it maintains its current registered agent as Business Filings Incorporated, 1200 South Pine Island Road, Plantation, Florida 33324.

64.     Defendant COUNTRY INNS & SUITES BY CARLSON, INC is a profit corporation, incorporated under the laws of the State of Minnesota (P26284), with its principal place of business located at 701 Carolson Parkway, Minnetonka, Minnesota 55305, and another principal place of business a/k/a COUNTRY INNS & SUITES ORLANDO-MAINGATE AT CALYPSO located at 5001 Calypso Cay Way, Kissimmee, Florida 34746, and it maintains its current registered agent as The Prentice-Hall Corporation System, Inc, 1201 Hayes Street, Suite 105, Tallahassee, Florida 32301.

65.     Defendant NEWPORT HOSPITALITY, LLC is a limited liability company organized under the laws of the State of Florida (#L11000005759) with its principal place of business located at 3850 Hollywood Boulevard, Suite 400, in the City of Hollywood, County of Broward, State of Florida, whose members are United States citizens domiciled in the State of Florida.

66.     Defendant NEWPORT BEACHSIDE HOTEL & RESORT is a fictitious name, owned by NEWPORT HOSPITALITY, LLC, and registered in the State of Florida (#G11000035756).

67.     Defendant NEWPORT VACATIONS, LLC is a limited liability company organized under the laws of the State of Florida (#L10000042086) with its principal place of business located at 16701 Collins Avenue, in the City of Sunny Isles Beach, in the County of Miami-Dade, State of Florida, whose members are United States citizens domiciled in the State of Florida.

68.     Defendant CASABLANCA HOTEL ON THE OCEAN MIAMI BEACH maintains a principal place of business located at 6345 Collins Avenue, Miami Beach, Florida 33126.

69.     Defendant CASABLANCA RENTAL SERVICES, INC is a profit corporation, incorporated under the laws of the State of Florida (P96000030028), with its principal place of business CASABLANCA HOTEL ON THE OCEAN MIAMI BEACH located at 6345 Collins Avenue, Miami Beach, Florida 33126, and it maintains its current registered agent as Gregory R. Elder Foreman & Friedman, 5900 Collins Avenue, #1904, Miami Beach, Florida 33130.

70.     Defendant     CONDOMINIUM     HOTEL     MANAGEMENT CORPORATION, INC is a profit corporation, incorporated under the laws of the State of Florida (P96000039048), with its principal place of business CASABLANCA HOTEL ON THE OCEAN MIAMI BEACH located at 6345 Collins Avenue, Miami Beach, Florida 33141, and it maintains its current registered agent as Gregory R. Elder, 901 SW 9th Terrace, Fort Lauderdale, Florida 33315.

71.     Defendant FLORIDA DESTINATIONS INTERNATIONAL, INC is a profit corporation, incorporated under the laws of the State of Florida (P99000039508), with its principal place of business CASABLANCA HOTEL ON THE OCEAN MIAMI BEACH located at 6345 Collins Avenue, Miami Beach, Florida 33141, and it maintains its current registered agent as Richard J Schecher, Sr., 120 Piper Boulevard, Port Orange, Florida 32128.

72.     Defendant CRYSTAL BEACH CLUB MANAGEMENT COMPANY is a profit corporation, incorporated under the laws of the State of Florida (L81963), with its principal place of business located at 6985 Collins Avenue, Miami Beach, Florida 33141. Defendant CRYSTAL BEACH CLUB MANAGEMENT COMPANY operates under the fictitious name CRYSTAL BEACH SUITES HOTEL AND HEALTH CLUB (G14000081067), and it maintains its current registered agent as Hillel Meyers, 5000 Avenue of the Stars, Kissimmee, Florida 34746.

73.     Defendant CRYSTAL BEACH DEVELOPMENT CORPORATION is a profit corporation, incorporated under the laws of the State of Florida (M30445), with its principal place of business located at 6985 Collins Avenue, Miami Beach, Florida 33141. Defendant CRYSTAL BEACH DEVELOPMENT CORPORATION operated under the fictitious name CRYSTAL BEACH SUITES HOTEL (G08196700096), and it maintains its current registered agent as Hillel Meyers, 5000 Avenue of the Stars, Kissimmee, Florida 34746.

74.     Defendant ECONOLODGE PARTNERSHIP is a general partnership, organized in the State of Florida (GP0500001278), whose members, upon information and belief, are all United States citizens domiciled in the State of Florida, and it maintains its principal place of business at 45 Seton Trail, Ormond Beach, Florida 32176. Defendant ECONOLODGE PARTNERSHIP operates under the fictitious name CASTILLO DEL SOL, with its principal place of business located at 205 S. Atlantic Avenue, Ormond Beach, Florida 32176.

75.     Defendant BEST WESTERN INTERNATIONAL, INC is a non-profit corporation, incorporated under the laws of the State of Arizona (P09122), with its principal place of business BEST WESTERN CASTILLO DEL SOL located at 205 S. Atlantic Avenue, Ormond Beach, Florida 32176, and it

maintains it current registered agent as The Prentice-Hall Corporation System, Inc, 1201 Hays Street, Suite 105, Tallahassee, Florida 32301.

76.     Defendant TSB, INC is a for profit corporation, incorporated under the laws of the State of Kansas (P37614), with its principal place of business located at 101 N. Ocean Drive, Suite #202, Hollywood, Florida, 33019. Defendant TSB, INC operates under the fictitious name HOLLYWOOD BEACH RESORT (G11000010772) with its principal place of business located at 101 N. Ocean Drive, Suite 137, Hollywood, Florida 33020.

77.     Defendant HOLLYWOOD BEACH RESORT RENTAL PROGRAM, LLC is a limited liability company, organized under the laws of the State of Florida (L10000113169), with its principal place of business located at 101 North Ocean Drive, Suite 208, Hollywood, Florida 33019, whose members, upon information and belief, are all United States citizens domiciled in the State of Florida, and it maintains its current registered agent as Gregory R Elder, 901 SW 9th Terrace, Fort Lauderdale, FL 33315.

78.     Defendant CREATIVE HOSPITALITY VENTURES, INC is a profit corporation, incorporated under the laws of the State of Florida (P03000010996), with its principal place of business HOLLYWOOD BEACH RESORT located at 101 North Ocean Drive, Suite 210, Hollywood, Florida

33019, and it maintains its current registered agent as Gregory R Elder, Foreman Friedman, PA, 2 South Biscayne Boulevard, Suite 2300, Miami, Florida 33131.

79.     Defendant THE HOLLYWOOD BEACH RESORT CONDOMINIUM ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N15708), with its principal place of business at 101 North Ocean Drive, Suite #8, Hollywood, Florida 33019, and it maintains its current registered agent as L & C Royal Management, 13155 SW42 Street, Suite 103, Miami, Florida 33175.

80.     Defendant WESTGATE SOUTH BEACH, LLC is a limited liability company, organized under the laws of the State of Florida (L02000020116), whose members, upon information and belief, are all United States citizens domiciled in the State of Florida, with a principal place of business located at 3611 Collins Avenue, Miami, Florida 33140, and it maintains its current registered agent as Gregory J Blodig, Greenspoon Marder, P.A., 200 E. Broward Boulevard, Suite 1800, Fort Lauderdale, Florida 33301.

81.     Defendant WESTGATE SOUTH BEACH OWNERS ASSOCIATION, INC is a non-profit corporation, incorporated under the laws of the State of Florida (N98000006367), with a principal place of business located at 3611

Collins Avenue, Miami Beach, Florida 33140, and it maintains its current registered agent as Greenspoon Marder, P.A., 200 E. Broward Boulevard, Suite 1800, Fort Lauderdale, Florida 33301.

82.     Defendant AM RESORTS, LP is a limited partnership, organized under the laws of the State of Pennsylvania (4061053), with a principal place of business a/k/a SECRETS ROYAL BEACH PUNTA CANA is located at Avenue Alemania S/N El Cortecito, Bavaro Beach, Province La Altagracia, Punta Cana, Domincan Republic, whose members, upon information and belief, are all United States citizens domiciled in the State of Pennsylvania, and its current registered agent is AMR GP Holdings, LLC, 7 Campus Boulevard, Newtown Square, Pennsylvania 19073 (hereinafter, "Secrets").

83.     Defendant AM RESORTS, LP also maintains a principal place of business a/k/a SECRETS WILD ORCHID MONTEGO BAY located at Montego Bay, Jamaica.

84.     Defendant AM RESORTS, LP also maintains a principal place of business a/k/a SECRETS ST. JAMES MONTEGO BAY located at Lot 59A Freeport, Montego Bay, Jamaica.

85.     Defendant AM RESORTS, LP also maintains a principal place of business a/k/a/ SECRETS SILVERSANDS RIVIERA CANCUN located at Bahia

de Petempich, SM 12 MZ 31 Lote 14-02, Puerto Morelos, Benito Juarez,

Quintana Roo, Mexico.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

86.     Plaintiffs repeat and reassert all allegations as though fully set

forth herein.

87.     The Resorts are in the business of selling real estate property

at the Resorts through vacation ownership plans and condominium units.

88.     The Resorts are also in the business of selling discounted travel

packages to people who meet the financial qualifications necessary to close

on the sale of a vacation ownership plan or condominium unit.

89.     The Travel Agent Defendants are in the business of finding and

soliciting people, for the Resorts, who meet the financial qualifications

necessary to close on the sale of a vacation ownership plan or condominium

unit at the Resort, and selling them one of the Resorts' discounted travel

packages.

90.     The Travel Agent Defendants are acting for the benefit of the

Resorts so that the Resorts can introduce qualified buyers to the benefits of

vacation ownership through vacation ownership plans or timeshare

condominium units.

91.     The Resorts are vicariously liable for the acts of the Travel Agents because the Travel Agents are violating the TCPA for the benefit of the Resorts, such that it would be inequitable to permit the entity receiving the benefit of the wrongful conduct to escape liability merely because it only motivated and paid for the illegal solicitation rather than conducting the illegal solicitation itself.

92.     Essentially, the Resorts hired the Travel Agents to find qualified purchasers through unlawful methods that the Resorts refuse to do themselves because the Resorts are collectible, while the Travel Agents are asset-less, uncollectible call centers.

93.     The Resorts contracted with the Travel Agents to solicit purchasers of discounted travel packages, who met certain financial qualifications, for the purpose of selling those travel package purchasers vacation ownership plans and condominium units through 90-minute sales presentations (or 120-minute for Secrets/Dreams) that occur on the morning after checking-in to the Resort.

94.     The Resorts are discounting the travel package, and the Travel Agents are soliciting and selling them, for the purpose of acquiring the attendance of a potential buyer, who is qualified to purchase a vacation

ownership plan or condominium unit, at the 90-minute (or 120-minute for Secrets/Dreams) high-pressure real estate timeshare sales presentation.

95.     The Resorts, through the acts of the Travel Agents, solicited potential purchasers of vacation ownership packages and condominium units in Florida, the Caribbean, and Mexico from January 2012 through the present.

96.     Defendants' solicitations occurred through telephone calls.

97.     Defendant USA utilized the non-existent entity VIP as a veil company through which to make the soliciting telephone calls so as not to disclose the true identity of the Seller of Travel licensee (except to actual purchasers of the vacation packages), which is also why "No refunds can be processed without the return of ALL vacation package materials sent to the traveler."

98.     To make the telephone solicitation calls, Defendants utilized an Automatic Telephone Dialing System (ATDS), primarily from area codes (321) and (407) including from the telephone numbers (321) 951-7985, (321) 621-2545, and (407) 934-4432, that could be recognized by the short delay in time between picking up the call and hearing a click that initiated the prerecorded or artificial voice, which said "Pack Your Bags! You've won a Disney vacation."

99.     Through the use of that ATDS and prerecorded or artificial message, Defendants called individuals' residential, cellular telephone numbers even though those numbers were listed on the National Do Not Call Registry.

100.    Defendants called Plaintiffs' residential, cellular telephone numbers despite the fact that Plaintiff Kern's residential, cellular telephone number of (***) ***-7759 that has been registered on the National Do Not Call Registry since 2006, and Plaintiff Huigens' residential, cellular telephone number of (***) ***-8749 that has been registered on the National Do Not Call Registry since 2004. [*Telephone numbers redacted for privacy*].

101.    Defendants called individuals with whom they had no prior existing business relationship, including these Plaintiffs who have never conducted business with any these Defendants.

102.    Once the ATDS call was answered, the recipient was solicited by an artificial or prerecorded voice that said something along the lines of "Pack Your Bags! You've won a Disney vacation," and then indicated to the listener to press 1 to accept.

103.    The artificial or prerecorded voice offered discounted resort accommodation packages, and after pressing 1 to reach a representative, the

consumer was told that the purchase had to be made before the end of the telephone call or the offer would be withdrawn.

104.     Before being permitted to accept the discounted travel package offer, the consumer had to verify his/her eligibility by meeting a minimum age and income requirement, confirming current gainful employment and possession of a major credit card, and confirming that your spouse would be traveling with you, or if cohabitating that the couple's state issued identification cards contained the same home address.

105.     Plaintiffs received dozens of telephone calls from Defendants' ATDS and prerecorded or artificial message telling them to pack their bags.

106.     Eventually, Plaintiff Kern, having become fed up with so many of these calls from these Defendants, purchased a discounted travel package for $498 to determine who was behind this nuisance.

107.     Defendant USA then directed Plaintiffs to their website to complete a form wherein preferred dates for travel were to be selected to determine which Resorts had vacancies during Plaintiffs' availability.

108.     After submitting the form, Defendant USA emailed Plaintiff Kern to recommend Resorts with vacancies during Plaintiffs' preferred dates of travel.

109.    During telephone calls with Defendant USA's agent Christine Michael, Plaintiff Kern was assured that Plaintiffs would be able to visit any of the other Resorts identified on their website, even though Plaintiffs would not be spending the night at those Resorts, before Plaintiffs committed to purchasing a vacation ownership package or condominium unit from any one of the Resorts at which they were not spending the night.

110.    Thereafter, Plaintiffs committed to reservations at Summer Bay Resort, Newport Beachside Resort, and Villa Del Palmar.

111.    Thereafter, Plaintiff Kern was emailed directly from the Resorts at which the reservations were made and all further communications were to be conducted directly between Plaintiffs and those Resorts, unless Plaintiffs wanted to change their reservation to a different Resort, which would require Plaintiffs to return to communicating with Defendant USA to determine the other Resorts' availabilities.

112.    When Plaintiffs failed to confirm their reservations with the Resorts by providing their flight numbers and paying applicable taxes and Resort fees directly to the Resort, and enough time had lapsed that Plaintiffs' travel package was no longer eligible for redemption, Plaintiffs received repeated telephone calls from public relations firms claiming to represent

those Resorts asking why Plaintiffs failed to take advantage of the travel package that they paid for.

113. In the absence of a pre-existing business relationship, Defendants' robotic, cold-call, solicitations to Plaintiffs' residential, cellular telephones without concluding that those numbers are not listed on the National Do Not Call Registry constitutes knowing and repeated violations of the TCPA, as further evidenced by the use of VIP to shield the consumer from knowing that it was USA who was behind the Seller of Travel license registration.

114. Defendants' repeated robotic, cold-call solicitations were a nuisance to Plaintiffs.

115. As a direct and proximate result of Defendants' dozens of robotic, cold-call solicitations to Plaintiffs, Plaintiffs' right to privacy was repeatedly invaded.

116. As a result of the harm suffered by Plaintiffs, they are entitled to relief in the form of actual, statutory, injunctive, and exemplary or treble damages.

## DEMAND FOR RELIEF

117.    For numerous nuisances and invasions of Plaintiffs' privacy through Defendants' knowing and repeated violations of the TCPA, Plaintiffs hereby pray for judgment against all Defendants, jointly and severally, in the form of injunctive relief to prevent future violations, plus no less than $100,000 for actual, statutory, and exemplary or treble damages, and attorney's fees, and any other and further relief that this Court deems fair, just and proper.

## JURY DEMAND

Plaintiffs do hereby demand a trial by jury on all claims.


Respectfully submitted,

BEK Law, PLC

Dated: May 5, 2016          By: _____

Brace Kern
*Attorney for Plaintiffs*
3434 Veterans Drive
Traverse City, MI  49684
(231) 492-0277
Kern@law-bek.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed on this 6th day of May, 2016 with the Clerk of the Court via the Court's CM/ECF system for electronic service on all counsel of record.

BEK Law, PLC

By: _____

Brace Kern
*Attorney for Plaintiffs*
3434 Veterans Drive
Traverse City, MI  49684
(231) 492-0277
Kern@law-bek.com