UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRACE KERN & JESSICA HUIGENS, Individually and as the representatives of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:16-cv-00008-RHB-RSK |
| v. | ) ) | Honorable Robert Holmes Bell |
| USA TRAVEL SERVICES, et al.. | ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendants. | ) | |

## AM RESORTS, LP'S MOTION TO DISMISS

## ORAL ARGUMENT REQUESTED

Defendant, AM Resorts, LP, sued as AM Resorts, LP a/k/a Secrets Royal Beach Punta Cana, AM Resorts, LP, a/k/a Secrets Wild Orchid Montego Bay, AM Resorts, LP, a/k/a Secrets St. James Montego Bay, and AM Resorts, LP, a/k/a Secrets Silversands Riviera Cancun (collectively "AM Resorts Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully move this Court to dismiss all claims asserted against the AM Resorts Defendants in Plaintiffs' Second Amended Complaint, based upon the following:

1.  Plaintiffs Brace Kern and Jessica Huigens (collectively "Plaintiffs") purport to bring a class action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.  Plaintiffs filed their Complaint in that matter on or about January 7, 2016. The AM Resorts Defendants were not among the original Defendants.

3.     On or about May 6, 2016, Plaintiffs filed their First Amended Complaint (Dkt. No. 23), adding approximately fifty new defendants, including the AM Resorts Defendants. Aside from certain additional conclusory language, the First Amended Complaint added few if any factual allegations regarding Plaintiffs' claims.

4.     After leave of Court (Dkt. No. 149), on November 9, 2016, Plaintiffs filed their Second Amended Complaint (Dkt. No. 152), which is devoid of factual allegations which would support a finding that any of the AM Resorts Defendants are either directly liable or vicariously liable for the conduct of any other Defendant, for any alleged violations of the TCPA.

5.     Plaintiffs allege that certain of the Defendants, other than the AM Resorts Defendants, called Plaintiffs' residential, cellular telephones, that are registered on the National Do Not Call Registry. Plaintiffs further allege that those other Defendants allegedly placed calls using an automatic telephone dialing system ("ATDS") and an artificial or pre-recorded voice.

6.     As set forth in accompanying memorandum in support of this Motion to Dismiss, Plaintiffs have failed to allege sufficient facts to make their claims against the AM Resorts Defendants plausible on their face.

7.     To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of that rule is to give a defendant fair notice of what the claim is and the ground upon which it rests. "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' Second Amended Complaint lacks any factual allegations specific to the AM Resorts Defendants and wholly fails to provide notice to them of the claims made against them.

8. Plaintiffs' Second Amended Complaint is deficient in the following grounds, among others:

    A. Plaintiffs have failed to provide the AM Resorts Defendants with any information whatsoever to determine what role, if any, any of those entities had in connection with the acts complained of by Plaintiffs

    B. Plaintiffs' Second Amended Complaint alleges that two other Defendants, VIP Travel Services of Orlando ("VIP") and USA Travel Services ("USA") placed the calls which allegedly violate the TCPA. Plaintiffs have failed to allege any facts to support a direct liability claim against the AM Resorts Defendants.

9. Plaintiffs have alleged no factual allegations demonstrating a relationship between any of the AM Resorts Defendants and either VIP or USA, to support a finding of vicarious liability.

10. Plaintiffs' Second Amended Complaint parrots many of the requirements of Fed. R. Civ. P. 23, but fails to allege facts to either identify a class or otherwise support a class action.

11. Plaintiffs' claims are not eligible for treatment as a class action because Plaintiffs' counsel, Brace Kern, is also designated as one of the proposed class representatives, thereby creating an inherent conflict of interest. Moreover, the only other proposed class representative is Mr. Kerns' girlfriend, Jessica Huigens.

12. Because Plaintiffs' Second Amended Complaint lacks factual allegations sufficient to assert either individual claims, or claims on behalf of a class, it should be dismissed.

13. Plaintiffs are not entitled to conduct discovery prior to dismissal of their Second Amended Complaint.

14. Concurrence in this motion was sought, but not obtained, from attorney Brace Kern.

WHEREFORE, Defendant, AM Resorts, LP, sued as AM Resorts, LP a/k/a Secrets Royal Beach Punta Cana, AM Resorts, LP, a/k/a Secrets Wild Orchid Montego Bay, AM Resorts, LP, a/k/a Secrets St. James Montego Bay, and AM Resorts, LP, a/k/a Secrets Silversands Riviera Cancun, respectfully requests this Court dismiss Plaintiffs' Second Amended Complaint against it in its entirety and grant it such other and further relief deemed just and appropriate, including an award of attorney fees and expenses incurred in defending against this action.

Respectfully submitted,

Varnum LLP
Attorneys for Defendant AM Resorts, LP

Dated:  November 15, 2016

By:  *s/John W. Allen*
JOHN W. ALLEN (P10120)
251 North Rose Street, 4th Floor
Kalamazoo, Michigan 49007
269-553-3501
jwallen@varnumlaw.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed on this 15th day of November, 2016, with the Clerk of the Court via the Court's CM/ECF system for electronic service on all counsel of record.

By:  *s/John W. Allen*
JOHN W. ALLEN (P10120)

11159486_1.docx