UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRACE KERN et al.,

   Plaintiffs,

               Case No: 1:16-CV-8

v.

               HON. JANET T. NEFF

VIP TRAVEL SERVICES et al.,

   Defendants.
               /

## **OPINION**

Plaintiffs Brace Kern and Jessica Huigens brought this action under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, alleging that they received unsolicited phone calls to cellular telephone numbers that are listed on the national "do-not-call" registry. At this stage of the proceedings, all Defendants have been dismissed except for United Shuttle Alliance Transportation Corp (d/b/a USA Travel Services) ("United Shuttle") and VIP Travel Services ("VIP"). The Court entered a default against these defendants in February 2017. Before the Court is Plaintiffs' motion for entry of judgment against United Shuttle and VIP (ECF No. 187). Defendants have not responded to the motion. For the reasons stated herein, the motion will be granted in part.

### **I. Standard**

"When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). "'Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.'" *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec.*

*(USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d. Cir. 1999)) "[T]he burden of establishing damages rest[s] squarely and solely on [the plaintiff]." *Flynn v. People's Choice Home Loans, Inc.*, 400 F. App'x 452, 457 (6th Cir. 2011).

## II. Analysis

### A. Liability

The TCPA makes it unlawful to make a call using an "automatic telephone dialing system or prerecorded device . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii). It is also unlawful to initiate a telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry, 47 C.F.R. § 64.1200(c)(2), and any person who has "received more than one telephone call within any 12-month period by or on behalf of the same entity" may bring suit to enforce this prohibition. 47 U.S.C. § 227(c)(5).

Plaintiffs seek damages for eight calls that they received. According to affidavits attached to Plaintiffs' motion for entry of judgment, Plaintiff Kern received five telephone calls to his residential cellular phone from an automatic telephone dialing system ("ATDS"), and Plaintiff Huigens received three calls to her residential cellular phone from an ATDS. Plaintiffs' cellular telephone numbers were registered on the national do-not-call registry at the time. United Shuttle allegedly made the calls using the name USA Travel Services and/or VIP Travel Services, and the purpose of the calls was to solicit the sale of vacation property. Based on these facts, all eight telephone calls violated both the ATDS provision in § 227(b)(3) and the do-not-call restrictions in the FCC regulations that are enforceable through § 227(c)(5).

**B. Damages**

For a violation of the ATDS provision, the TCPA permits damages in the amount of "actual monetary loss" or $500, whichever is greater. 47 U.S.C. § 227(b)(3). For a telemarketing call made in violation of § 227(c)(5) and the FCC regulations, the statute permits recovery of "actual monetary loss" or "*up to* $500," whichever is greater. 47 U.S.C. § 227(c)(5) (emphasis added). If the Court finds that the defendant "willfully or knowingly" violated these provisions, the Court "may, in its discretion," triple the amount of damages. *See* 47 U.S.C. § 227(b)(3), § 227(c)(5). A plaintiff may recover damages under both sections for a call that violates both sections. *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011).

Plaintiffs do not allege actual monetary loss. Thus, Plaintiffs may be able to recover statutory damages of between $500 and $3,000 per call. In their motion for entry of judgment, Plaintiffs seek $1,500 in damages for each of the eight calls, ostensibly relying on treble damages under either § 227(b)(3) or § 227(c)(5), but not both.

The Court finds that statutory damages of $500 per call is appropriate. The Court will not exercise its discretion to triple the amount of damages. The Sixth Circuit has not articulated what it means for a violation of the TCPA to be "willful" or "knowing," but the Court need not discuss this standard because Plaintiffs have not identified what allegations or evidence the Court should rely upon to determine whether Defendants' actions were willful or knowing. Instead, Plaintiffs merely recite the legal standard for damages. It is Plaintiffs' burden to establish damages. They have established that they are entitled to the minimum amount provided by the statute, but they have not articulated a basis for the Court to award anything more, including treble damages.

## III. Conclusion

In summary, the Court will award damages of $2,500 to Plaintiff Kern for the five calls that he received and $1,500 to Plaintiff Huigens for the three calls that she received. The Court will hold United Shuttle and VIP jointly and severally liable because Plaintiffs allege that they are one and the same entity. Plaintiffs may seek costs in accordance with Rule 54(d)(1) of the Federal Rules of Civil Procedure.

An order and judgment will enter consistent with this Opinion.

Dated: October 2, 2017 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge